**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DANIEL MONTGOMERY,** | ) | **CASE NO.  1:15 CV 330** |
| | ) | |
| **Petitioner,** | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| **vs.** | ) | <u>**OPINION AND ORDER**</u> |
| | ) | |
| **NEIL TURNER, Warden,** | ) | |
| | ) | |
| **Respondent.** | ) | |

This case is before the Court on the Report & Recommendation of Magistrate Judge Kathleen B. Burke.  (**Doc #: 13** ("R & R").)  The Magistrate Judge recommends that the Court dismiss with prejudice Petitioner Daniel Montgomery's habeas corpus action pursuant to 28 U.S.C. section 2254 ("Petition").  (**Doc #: 1** ("Petition").)  On October 9, 2003, Montgomery pled guilty to the murder of Father William Gulas, O.F.M., at St. Stanislaus Church in Cleveland, Ohio, with a three-year firearm specification, as amended in Count 1 of the indictment, and guilty to the charge of aggravated arson with a three-year firearm specification, as amended in Count 3. Ten months later, the trial court sentenced Montgomery to a total prison term of 24 years to life, which counsel characterizes as a life sentence.  (Doc #: 15 at 4.)  Since then, Montgomery has filed numerous motions in the state courts attacking, first, his sentence, and then much later, his convictions.  He filed the pending Petition on February 19, 2015.

Montgomery brings two constitutional claims.  The first claim is for ineffective assistance of trial counsel based on counsel's alleged failure to fully investigate his case and his failure to relay exculpatory evidence to him.  The second claim is a claim for violation of his due process rights based on the State's alleged failure to disclose materially exculpatory evidence to him.

Magistrate Judge Burke has reviewed the Petition, the Return of Writ (Doc #: 4), and the Traverse (Doc #: 11) before issuing the R & R.[1]  Specifically, the Magistrate Judge has concluded, in a thorough decision analyzing *every possible avenue* for Montgomery to file a timely habeas petition under 28 U.S.C. §§ 2244(d)(1)(A) and 2244(d)(1)(D), that the Petition is time-barred.  (See R & R at 18-25.)  The Magistrate Judge has also explained in detail why Montgomery is not entitled to equitable tolling.  (See id. at 25-29.)

Montgomery, via counsel, has filed Objections to the R & R.  (Doc #: 15 ("Obj.").)  With respect to the question of timeliness, counsel ignores the numerous ways in which the Magistrate Judge calculated the limitations expiration and simply asserts:

> The Magistrate found that the statute of limitations expired for Mr. Montgomery's petition on January 30,2012, or with tolling, September 15, 2014.  Petitioner objects to the finding that he did not timely file his petition.  Mr. Montgomery filed his petition on February 19, 2015, within one year of the Ohio Supreme Court's denial of his Notice of Appeal and Memorandum in Support of Jurisdiction that occurred on February 19, 2014.  Mr. Montgomery has diligently pursued his claims in the manner AEDPA intended.  Pursuant to USC § 2244(d)(1)(D), Mr. Montgomery filed his claims as conscientiously as possible.

(Id. at 4-5.)   In fact, the Magistrate Judge determined that, even if Montgomery did not discover the factual predicate for his claims until January 29, 2011, the statute would have expired on January 30, 2012 – three years before he filed his habeas petition.  (R & R at 18-19.)  Moreover,

---

[1]The Court has conducted its own review of all the briefs pending before the Magistrate Judge.

even if the statute was tolled while his motion to withdraw his guilty plea was pending in the state courts, it would still have expired on September 15, 2014 for the reasons set forth at pages 24-25.  And because he didn't file his Petition until February 19, 2015, it was time-barred under that particular scenario.  Montgomery's argument lacks the specificity required for the Court to conduct a de novo review.

Montgomery also objects *generally* to the Magistrate Judge's conclusion that equitable tolling does not apply:

> The U.S. Supreme Court in *McQuiggan v. Perkins*, 133 S.Ct. 1924 (2013), recently weighed in on the interplay between actual innocence, AEDPA and the statute of limitations.  *See also, Holland v. Florida*, 560 U.S. 631 (2010). Specifically, the Court in *Perkins* noted the importance of the diligence of the Petitioner, as well as his innocence.  In Mr. Montgomery's case, he has demonstrated both his diligence and innocence and therefore objects to the Magistrate's refusal to address his grounds for relief based on constitutional violations.

(Obj. at 5.)  That's it.  The Magistrate Judge, citing both *Perkins* and *Holland*, explained in detail why equitable tolling does not apply.  (See R & R at 25-29.)  Montgomery does not object to anything *specific* that the Magistrate Judge articulated.  The Court agrees with the Magistrate Judge's conclusion that his innocence claim is, in fact, a claim of legal insufficiency rather than factual innocence:

> [Montgomery] has failed to articulate or demonstrate how disproving a confession given by him proves he is actually innocent of the crimes he confessed to committing and pleaded guilty to or that "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt. *Perkins*, 133 S.Ct. at 1933.  When it found no manifest injustice to warrant reversal of the trial court's denial of his motion to withdraw guilty plea, the state court of appeals stated that, while Montgomery claimed that he made up his confession, told his trial attorney he did so, and claimed his innocence to his trial attorney, Montgomery, a highly educated person, nevertheless pleaded guilty consistent with his confession 10 months after his confession. . . . While

-3-

Montgomery claims that he did not know certain information and that he would not have pleaded guilty if he had known that information, he still has not identified "new evidence" to support a claim of factual innocence.

(R & R at 28-29 (citation to record omitted).)

For these reasons, the Court **ADOPTS** the R & R (**Doc #: 13**), **OVERRULES** the Objection (**Doc #: 15**), and dismisses with prejudice the Petition (**Doc #: 1**).

**IT IS SO ORDERED.**


*/s/Dan A. Polster    December 22, 2016*
**Dan Aaron Polster**
**United States District Judge**

-4-

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **DANIEL MONTGOMERY,** ) | **CASE NO.  1:15 CV 330** |
| ) | |
| **Petitioner,** ) | **JUDGE DAN AARON POLSTER** |
| ) | |
| **vs.** ) | **JUDGMENT ENTRY** |
| ) | |
| **NEIL TURNER, Warden,** ) | |
| ) | |
| **Respondent.** ) | |

For the reasons stated in the Opinion and Order filed contemporaneously with this Judgment Entry, and pursuant to Federal Rule of Civil Procedure 58, it is hereby ORDERED, ADJUDGED AND DECREED that the above-captioned case is hereby terminated and dismissed as final.

Furthermore, pursuant to 28 U.S.C. §2253(c) and Fed. R. App. P. 22(b), there is no basis upon which to issue a certificate of appealability.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

*/s/ Dan A. Polster    December 22, 2016*
**Dan Aaron Polster**
**United States District Judge**